UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 06-067 |
| | : | Cr. No.      (HHK) |
| v. | : | Mag No. 05-467 |
| | : | Violation:  18 U.S.C. § 371 |
| | : | (Conspiracy to |
| | : | Commit Mail Fraud) |
| MICHAEL RALPH, | : | |
| | : | |
| Defendant. | : | |
| | : | |

INFORMATION

**FILED**
MAR 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The United States informs the Court that:

COUNT ONE – CONSPIRACY

At all times material to this Information:

1. Gateway Computers ("Gateway") manufactured personal computers and related components for businesses and individuals. Gateway maintained a manufacturing and distribution plant in Hampton, Virginia. Gateway shipped personal computers and related components (referred to collectively herein as "computers") throughout the United States from its Hampton facility using the United Parcel Service, an interstate commercial mail carrier.

2. Defendant MICHAEL RALPH lived and worked in the Hampton, VA, area. RALPH previously had worked as a temporary employee at Gateway's Hampton, VA, facility.

3. D.S. was a Gateway employee at the Hampton facility and a long-time friend of RALPH's. D.S. also lived in the Hampton, VA, area.

4. O.M. lived and worked in Washington, D.C. O.M. was RALPH's cousin.

Case Related To  06-5, 06-35, 06-64

5.     C.E. was an acquaintance of both RALPH and O.M. C.E. was the director of a school called the Sunrise Academy in the District of Columbia. He resided in Maryland.

6.     A.J. was employed by the District of Columbia Child and Family Services Agency as a social worker. He worked in the District of Columbia and resided in Maryland.

### The Conspiracy

7.     From between in or about December, 2000, until in or about May, 2002, in the District of Columbia and elsewhere, defendant RALPH, O.M., D.S., C.E., A.J. and others whose identities are known and unknown to the United States (sometimes referred to as "co-conspirators") did unlawfully and knowingly combine, conspire, confederate and agree together and with each other to commit the offense of Mail Fraud against the United States, in violation of 18 U.S.C. § 1341.

### The Goal of the Conspiracy

8.     The goal of the conspiracy was to obtain money by stealing Gateway computers from the Hampton distribution facility and selling them throughout the District of Columbia, Maryland, Virginia and elsewhere.

### Manner and Means of the Conspiracy

9.     In order to achieve the goal of the conspiracy, defendant RALPH, D.S., O.M., C.E., A.J., and others whose identities are known and unknown to the United States used the following manner and means, among others:

   a.     RALPH provided D.S. with the names and addresses of people who wanted to purchase stolen Gateway computers. Among the names and addresses that RALPH provided to D.S. for this purpose were the name and address of C.E. and A.J. RALPH identified some of these customers by himself, and learned of the names and addresses of others of these customers from C.E.

and O.M. RALPH also provided D.S. with the name and address of O.M. for the purpose of shipping stolen Gateway computers to O.M.'s house for subsequent re-sale.

  b. D.S., together with others whose identities are known and unknown to the United States, stole computers and related components from Gateway's Hampton, VA, facility. D.S., together with others whose identities are known and unknown to the United States, then caused the stolen computers and components to be shipped via the United Parcel Service to the people whose names and addresses had been provided by RALPH.

  c. RALPH received money from O.M., C.E., and other recruited customers upon delivery of the stolen Gateway computers. RALPH shared these proceeds with D.S.

### Overt Acts

10. Within the District of Columbia, and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, defendant RALPH, O.M., D.S., C.E., A.J., and others known and unknown to the United States committed the following overt acts, among others:

  a. In or about December, 2000, defendant RALPH caused one or more Gateway computers to be stolen by D.S. and others whose identities are known and unknown to the United States from the Hampton, VA, facility. These computers were shipped to C.E. via the United Parcel Service, an interstate commercial mail carrier.

  b. In or about December, 2000, RALPH received a check for $1800.00 from C.E. in payment for stolen Gateway computers.

  c. In or about May, 2001, C.E. and RALPH agreed that RALPH would procure four stolen Gateway computers for C.E.

d.  Subsequently in May, the exact date being unknown to the United States, RALPH caused D.S. and others whose identities are known and unknown to the United States to steal four Gateway computers from the Hampton facility and send two of them to the Sunrise Academy, the Washington, D.C., school that C.E. directs, and two of them to C.E.'s home. The computers were shipped via the United Parcel Service, an interstate commercial mail carrier.

e.  On or about May 29, 2001, C.E. received the four stolen Gateway computers that he had ordered through RALPH at his home and at the Sunrise Academy. C.E. subsequently paid RALPH $1100.00 for these computers.

f.  In or about July, 2001, RALPH entered into an agreement with O.M. to market and sell stolen Gateway computers in the District of Columbia and elsewhere.

g.  In or about July, 2001, O.M. told RALPH that he had recruited a customer for two stolen Gateway computers.

h.  Later in July, 2001, although the exact date is unknown to the United States, RALPH caused D.S. and others whose identities are known and unknown to the United States to steal two Gateway computers and ship them to O.M. for the purpose of re-selling the computers to the customer that O.M. had recruited.

i.  In or about July, 24, 2001, O.M. received a shipment of two stolen Gateway computers at his home address of 103 G Street, S.W., Washington, D.C. These computers were sent to O.M.'s house via the United Parcel Service, an interstate commercial mail carrier.

j.  Contemporaneously with the July 24, 2001, shipment of two stolen Gateway computers, although the exact date is unknown to the United States, O.M. accepted payment for these two computers from the recruited customer. O.M. shared these proceeds with RALPH.

k.  Contemporaneously with the payment described in paragraph 10(j), although the exact date is unknown to the United States, MARSHALL delivered the two stolen Gateway computers that he had received on July 24, 2001 to the recruited customer.

**(Conspiracy, Aiding and Abetting, Causing an Act to be Done, in violation of Title 18, United States Code, Sections 371 and 2.)**

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

*/s/ Sarah Chasson*

Sarah T. Chasson
Assistant United States Attorney
D.C. Bar. No. 448-994
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C. 20001
(202) 514-7248