UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                    ) | Cr. No. 06-067 (HHK) |
| ) | |
| MICHAEL RALPH,         ) | |
| ) | |
| Defendant.         ) | |

## SENTENCING MEMORANDUM

Mr. Michael Ralph, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing in anticipation of his sentencing hearing, currently scheduled for March 20, 2007. Based on all of the sentencing factors in this case and the 5K1.1 motion for departure that Counsel anticipates the government will file if it has not already done so,[1] Mr. Ralph respectfully requests that he be sentenced to a period of probation.

### Background

On March 10, 2006, a one-count information was filed charging Mr. Ralph with Conspiracy, in violation of 18 U.S.C. § 371. Mr. Ralph pled guilty to the information on April 20, 2006, pursuant to a written plea agreement whereby Mr. Ralph agreed to cooperate with the government. In addition to the standard cooperation language contained in the plea agreement, the government agreed to a three-level reduction for acceptance of responsibility, pursuant to §3E1.1.

Mr. Ralph was released by this Court on April 20, 2006, with the condition that Mr. Ralph report weekly by phone to Pretrial Services. To date, Mr. Ralph has complied with his

---

[1] Undersigned counsel has received, via email, the government's sentencing motion under 5K1.1.

pretrial release conditions.

Approximately nine months prior to the filing of the Information in this case, Mr. Ralph met and debriefed with the agent and prosecutor assigned to this investigation. Since July 2005, on approximately ten different occasions, which involved meetings and conference calls, Mr. Ralph has provided information related to the scheme of stealing computers at a Gateway plant located in Virginia. Mr. Ralph's information led to the prosecution of various other actors involved in this scheme. In particular, once it was revealed to other potential co-defendants that Mr. Ralph was providing information to the government, other defendants then entered into plea agreements with the United States. Further, Mr. Ralph testified at the trial of Charles Emor on December 18, 2006, before Judge Robertson. On December 21, 2006, the jury convicted Mr. Emor of Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 371.

## **Argument**

It is Mr. Ralph's understanding that the government has concluded that his assistance was extremely valuable and sufficient to warrant a substantial 5K1.1 departure from the advisory sentencing guidelines. In light of this 5K1.1 motion, the <u>Booker</u> decision, and the sentencing factors in 18 U.S.C. §3553(a), a sentence of probation would be appropriate in this case. Further, the factors identified in 18 U.S.C. § 3553(a) specifically support Mr. Ralph's request that he be sentenced to a term of probation. These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a), in addition to the information presented in the government's 5K1.1 motion, demonstrates that a sentence of probation would be warranted in this matter. The Court should consider Mr. Ralph's acknowledgment of his wrongdoing, his very early plea and cooperation with law enforcement officials. Further, it should be noted that Mr. Ralph's conduct in this scheme ended almost five years ago. Since that time Mr. Ralph has completely turned his life around and has maintained his strong commitment to focus on his career path, his family, and his community. Beginning in 2001, Mr. Ralph is a self-employed owner of a landscaping business, called AMC Lawncare. As

evidenced by the attached newspaper articles about this company, he takes great pride in his work and believes his career path is, in large part, a major factor in turning his life around. In addition, Mr. Ralph is a committed father, husband, and community advocate which is further evidenced by the attached letters from family members and friends.

Therefore, sentencing Mr. Ralph to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Ralph with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

### Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Ralph respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500